# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

BASKIN-ROBBINS FRANCHISING LLC,
   a Delaware Limited Liability Company, and
BR IP HOLDER LLC,
   a Delaware Limited Liability Company,

   Plaintiffs/Counter-Defendants,

v.

N & J'S, INC.,
   a Michigan Corporation, and
NADICA MILOSEVSKI-EDWARDS,
   a Resident of Michigan,

   Defendants/Counter-Plaintiffs.

C.A. No. 2:08-cv-15322-RHC-VMM
Hon. Robert H. Cleland

_____/

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

Plaintiffs Baskin-Robbins Franchising, LLC and BR IP Holder LLC; and Defendants N&J's, Inc. and Nadica Milosevski-Edwards, and their respective counsel, hereby stipulate and agree to the following Stipulated Confidentiality Agreement and Protective Order:

Recognizing that the parties seek discovery of certain confidential information from the other parties and from third party sources:

1.      Any information, document, or thing produced or obtained by the parties, or testimony taken, in connection with this action that relates to a parties' loss prevention procedures, investigations, financial information, business operations, third party franchisees, or contains trade secrets, confidential research, development, or commercial information, may be designated "Confidential Information" or "Confidential" by a party.

2.      All Confidential Information shall be used solely for the purpose of maintaining the present litigation, *Baskin-Robbins Franchising, LLC and BR IP Holder, LLC  v. N&J's, Inc. and Nadica Milosevski-Edwards*, C.A. No. 2:08-cv-15322-RHC-VMM, including any appeals or retrials, and not for any other purposes.  Under no circumstances shall Confidential Information be used for any other purpose, or disclosed to anyone other than the persons designated

below, and such persons shall not disclose such protected information to anyone during or after the termination of this litigation.

3.      Confidential Information shall be held in confidence and revealed only to the parties, counsel of record for the parties, paralegals, and secretarial employees under counsels' direct supervision, firms and consultants retained by counsel to provide litigation support services and the employees of those firms, and such persons as are employed to act as experts in this case and their employees.  All documents and information covered by this Agreement, including all copies of such documents or information, must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case.  Counsel for the parties shall take steps reasonably necessary to see that no person shall use, disclose or record such information for any purpose other than the preparation or conduct of this case.  The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the party, person, or entity producing the information.  To the extent that the producing party publishes any document that has been designated as "Confidential Information" in the mass media, then the other party is released from its obligations under this Agreement as to that document.  The restrictions on the use of Confidential Information established pursuant to this Order to not apply to copy services retained by counsel for the parties to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy service instructs the copy service not to disclose any of the Confidential Information to third parties and to immediately return to counsel all originals and copies of any Confidential Information.

4.      Before any information covered by this Agreement is disseminated or disclosed to any person, other than attorneys and their paralegals and secretaries, who are bound by the terms of this Agreement vis a vis the signature of counsel, such person shall (a) read the Stipulated Confidentiality Agreement and Protective Order in its entirety; and (b) signify that such person agrees to the provisions of this Agreement and consents to the jurisdiction of the Court for

appropriate proceedings in the event of any violation of the confidentiality provisions of this

Order.

5.      Confidential Information may be so designated at any state of the litigation by stamping

or otherwise marking it "Confidential" or by specifying the bates number of the document.

6.      All Confidential Information and all pleadings referring to Confidential Information filed

with the Court for any purpose shall be filed in a sealed envelope or other container marked on

the outside as follows:

> **This document is subject to a Stipulated Confidentiality Agreement and Protective Order issued by this Court and may not be examined or copied except in compliance with that Order.** ***Baskin-Robbins Franchising, LLC and BR IP Holder, LLC  v. N&J's, Inc. and Nadica Milosevski-Edwards***, **C.A. No. 2:08-cv-15322-RHC-VMM.**

Documents so labeled shall be kept by the Clerk under seal and shall be made available

only to the Court or persons authorized by the terms of this Order to have access thereto.  If the

filing party fails to file under seal material designated as Confidential by another party, in

addition to any other remedies available at law or in equity, the producing party, or any party

claiming confidentiality with respect to the information may file a motion to seal the designated

material.

7.      Whenever Confidential Information is to be discussed in a deposition or other pretrial

proceeding, any party claiming confidentiality may exclude from the room any person who is not

a party, counsel, expert witness, stenographer, or otherwise not a person entitled to see or hear

Confidential Information.  If a transcript of testimony contains Confidential Information, the party

claiming confidentiality may elect to designate the entire transcript, or specified portions of the

transcript, as Confidential Information.  The portions of the transcripts of all testimony

designated as Confidential Information shall be separately bound by the Court Reporter and

marked as "Confidential pursuant to Court Order."

8.      No later than thirty days after final judgment is entered or the last appeal is concluded in

this litigation, or after all claims are dismissed with prejudice, whichever occurs last, (1) all

originals and copies of party's Confidential Information shall be returned to counsel for that party; and (2) the Clerk of the Court is hereby permitted to return any sealed documents containing Confidential Information of a party to counsel for that party, or to destroy the material. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

9.      Any disclosure of any portion of information protected by this Agreement shall not serve to waive any of the protections provided by this Agreement with respect to any other Confidential Information.

10.     Violation by any person of any term of this Stipulated Confidentiality Agreement and Protective Order is punishable as contempt of court, and will entitle the aggrieved party to appropriate relief, including, but not limited to, injunctive relief, monetary damages, and all reasonable attorneys' fees, expenses, and costs associated with enforcement of this Order.

11.     In the event that the Court does not enter this Stipulated Confidentiality Agreement and Protective Order, the parties agree to be bound by the provisions of this Agreement and expressly represent that the terms of this Agreement are support by good and valuable consideration.

12.     In the event that one or more parties or counsel are added or substituted into this action, this Agreement and Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties or counsel to seek relief from or modification of this Agreement and Order.

13.     If a producing party inadvertently discloses any document or thing containing information that it deems Confidential without designating it as Confidential Information, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing, or information as Confidential Information under this Agreement and Order.  To the extent such document or thing may have

-4-

been disclosed to persons other than authorized persons described in this Order, the receiving party shall notify producing party of the identity of any such recipient, and the receiving party shall make every reasonable effort to retrieve the document or thing promptly form such persons and limit any further disclosure to non-authorized persons.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 5, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 5, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

Respectfully submitted,

/s/ John J. Schrot, Jr.
John J. Schrot, Jr. (P27985)
Alan R. Miller, P.C.
Attorneys for Defendants/Counter-Plaintiffs
370 East Maple Road, 4th Floor
Birmingham, Michigan 48009
(248) 644-8910
johns@alanrmillerpc.com

/s/  David E. Worthen
David E. Worthen
Gray, Plant, Mooty, Mooty & Bennett, P.A.
Attorneys for Plaintiffs/Counter-Defendants

2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C.  20037
(202) 295-2200
david.worthen@gpmlaw.com

Douglas R. Kelly (P49856)
Clark Hill PLC
Attorneys for Plaintiffs/Counter-Defendants
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
(248) 642-9692
dkelly@clarkhill.com

C:\Documents and Settings\wagner.mie\Local Settings\Temp\notes6030C8\Stipulated Confidentiality Agreement and Protective Order.wpd